■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CISCO, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Suffolk County (Stark, J.), rendered January 12, 1981, convicting him of conspiracy in the fourth degree, arson in the third degree, and murder in the second degree (eight counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not established beyond a reasonable doubt. However, when viewed in the light most favorable to the prosecution *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence adduced at the trial showed that the defendant importuned a coconspirator to throw a military smoke-producing grenade, supplied by the defendant, through the living room window of a house at a time when he knew that its occupants would be asleep. The defendant was aware that upon its explosion the grenade would emit an intensely hot flame that was likely to set the living room carpet afire, and it was his intent that the home be damaged by the copious amount of smoke that the detonated grenade would produce. The explosion caused fire and smoke to spread throughout the house, which killed a woman and her three children.

With these facts before it, the jury was justified in determining that the defendant, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to the members of the sleeping family *(see,* Penal Law § 125.25 [2]; *People v Register,* 60 NY2d 270, 276-277, *cert denied* 466 US 953; *People v Licitra,* 47 NY2d 554, *rearg denied* 53 NY2d 938; *People v Leonardo,* 89 AD2d 214, *affd* 60 NY2d 683). This evidence was also sufficient to support a finding that the defendant intentionally damaged the house by starting a fire or causing an explosion *(see,* Penal Law § 150.10), thus establishing his guilt of arson in the third degree and, hence, felony murder *(see,* Penal Law § 125.25 [3]). Thus, upon the exercise of our factual review power, we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.