■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY REINIG, Appellant.—Judgment unanimously affirmed. Memorandum: We find no error in the court's instructions to the jury. Moreover, defendant did not object to any portion of the court's charge and thus has not preserved his

contentions for our review as a matter of law. The court's charge on accessorial conduct was correct, as was its charge on corroboration of the testimony of an accomplice. The court did not err in charging that the main prosecution witness was an accomplice as a matter of law because, from his own testimony, he "may reasonably be considered to have participated in * * * [t]he offense charged" (CPL 60.22 [2] [a]). Under the circumstances of this case, a failure to so charge would have been error (see, People v Jenner, 29 NY2d 695). The instruction did not convey to the jury that defendant was guilty of the offense charged. "Assuming, arguendo, that the trial court's definition of accomplice and its charge that witness [Keller] was an accomplice as a matter of law could have been understood as determining that defendant participated in the crime charged, the court's subsequent instruction on the limited use of accomplice testimony in the jury's determination acted to dispel any misconception the jury may have had regarding its function in determining the defendant's guilt" (People v Koziuk, 57 NY2d 784, 785).

The court's instruction on felony murder was correct. The court specifically instructed the jury that, before it could find defendant guilty of felony murder, it must first find defendant guilty of arson. In its instruction on arson it emphasized the element of intent. Thus, the jury could not, as defendant contends, have inferred from the language, "it doesn't matter that the act which caused the death was unplanned and unintentional", that defendant was guilty of felony murder even if defendant unintentionally set the fire. Defendant has taken the quoted language out of context. Read in connection with the next sentence, the court's meaning was clear: "In other words, even though they didn't plan to cause death and didn't do so intentionally, all the participants are guilty of felony murder as though each planned to cause death and each had done so intentionally." This correctly states the law (see, Penal Law § 125.25 [3]; People v Luscomb, 292 NY 390, 395-397).

The court properly refused defendant's request to charge the affirmative defense to felony murder (see, Penal Law § 125.25 [3]) because there was insufficient evidence for the jury to find by a preponderance of the evidence that the elements of the affirmative defense were established (see, People v Walker, 64 NY2d 741, rearg dismissed 65 NY2d 924).

We agree with the suppression court that the police had sufficient reason to approach and make inquiries of defendant and his companion, that, after inquiry and as the result of

further observation, the police had reasonable suspicion to detain them for further inquiry, and that the police finally obtained probable cause to make the arrest. We also agree that the statements made by defendant to the police were not the product of police questioning or its equivalent *(see, People v Howard,* 62 AD2d 179, 181-182, *affd* 47 NY2d 988).

We have reviewed the other contentions of defendant and we find them to be without merit. (Appeal from judgment of Erie County Court, Wolfgang, J.—murder, second degree, and other charges.) Present—Denman, J. P., Boomer, Pine and Davis, JJ.