■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER DUKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered October 31, 1980, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The defendant's responsibility for the felony murder could be inferred by the jury from all the circumstances surrounding his entry into, and theft of money from, the victim's apartment (see, *Matter of Anthony M.,* 63 NY2d 270, 282; *People v Barnes,* 50 NY2d 375; *People v Castillo,* 47 NY2d 270; *People v Alvarez,* 118 AD2d 785, 786; *People v Pippins,* 107 AD2d 826).

The defendant's claim concerning the trial court's failure to sever his trial from that of his codefendant, and his claim that the trial court erred in admitting his codefendant's statement at trial are unpreserved for appellate review, and we decline to reach the issues in the exercise of our interest of justice jurisdiction (see, *People v Russell,* 71 NY2d 1016; *People v Walker,* 71 NY2d 1018, 1019).

In light of the defendant's criminal history, the nature of the crime which resulted in the senseless and brutal death of an 82-year-old woman for approximately $6, and the utter

lack of remorse displayed by the defendant which was exhibited by his statements to the court following sentencing, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.