■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR ESTRELLA, Appellant.—Judgment of the Supreme Court, New York County (Paul Bookson, J.), rendered on January 27, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate prison term of from six years to life, is unanimously affirmed.

On May 27, 1987, defendant arranged to sell one kilogram of cocaine to an undercover agent for $24,000. On the date of the transaction, two of defendant's associates were also in the apartment. Defendant took the agent into his bedroom and showed him two clear bags of cocaine that were on his bureau.

However, defendant refused to bring the cocaine to the agent's car. He left the cocaine on the bureau and accompanied the agent to his car to obtain cash while his two accomplices remained in the apartment. The agent then gave a prearranged signal, and defendant was arrested in his apartment lobby. After his *Miranda* rights were delivered to him in Spanish, he agreed to cooperate with the police. He thereupon knocked on the apartment door without alerting his two accomplices about the police. The officers entered the apartment, arrested the two accomplices, conducted a brief security search and confiscated the two bags of cocaine which were still in plain view on the bedroom bureau. Following denial of his motion to suppress, defendant pleaded guilty.

On appeal, defendant urges that the initial entry into the apartment was warrantless and that the subsequent search conducted in the bedroom was improper. The People claim that the entry was lawful based on exigency and the consent of defendant. In that respect, regardless of whether or not exigent circumstances existed herein, the search was valid since the apartment was defendant's, and he consented to its search. The fact that he was under arrest at the time is not, by itself, sufficient to vitiate the otherwise voluntary nature of his consent and cooperation *(People v Gonzalez,* 39 NY2d 122). There is, in addition, no indication that defendant's consent and cooperation was limited to a search of only one portion of the apartment. Accordingly, the motion to suppress was properly denied. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.