■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VONN PIERRE MYERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered September 28, 1987, convicting him of murder in the second degree (two counts) and attempted rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in refusing to charge depraved indifference murder (see, Penal Law § 125.25 [2]) and felony murder (see, Penal Law § 125.25 [3]) in the alternative is without merit. Unlike the crime of intentional murder (see, Penal Law § 125.25 [1]; People v Gallagher, 69 NY2d 525), in order to support a conviction for. felony murder it need not be established that the defendant acted with intent to cause death; the only intent required to be proven is the intent to commit the underlying felony (see, People v Luscomb, 292 NY 390, 395; People v Reinig, 147

AD2d 971, *cert denied* — US —, 110 S Ct 153). A reasonable view of the evidence in this case supports the conclusion that the defendant attempted to rape the victim and, in the course and furtherance of that felony, caused her death *(see,* Penal Law § 125.25 [3]), and at the same time recklessly engaged in conduct which created a grave risk of death to the victim, thereby causing her death *(see,* Penal Law § 125.25 [2]). Thus, the counts of the indictment which charged felony murder and depraved indifference murder are not inconsistent counts *(see,* CPL 300.30 [5]), and the court was not required to charge them in the alternative *(see, People v Paxhia,* 140 AD2d 962, 963; *see also, People v Sampson,* 145 AD2d 910; *People v Cisco,* 129 AD2d 805).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed is excessive, and find them to be without merit. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.