■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRUZ A. DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 2, 1988, convicting him of criminal possession of a controlled substance in the second degree and criminal use of drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (G. Aronin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On April 20, 1986, Doris Cordova informed police officers that the defendant Cruz A. Diaz, who was the father of her four-year-old son, had taken the child from her home against her will, by placing a gun to her head. The police responded to the defendant's apartment on the basis of Cordova's information that the child could be found there. The police were allowed into the apartment by the defendant's mother. Once inside, they observed the defendant exit a room and slam the door behind him. After the defendant denied knowledge of the child's whereabouts, the police asked him to open the door which had just slammed shut. The defendant began fumbling with some keys. The police ultimately kicked the door open, revealing a large quantity of crack-cocaine and drug paraphernalia.

The jury was only presented with the drug charges inasmuch as the kidnapping story was found to be a fabrication designed by Cordova to induce the police to take serious action and to work faster in assisting her to regain custody of her son.

The defendant now contends that the physical evidence recovered at the time of his arrest was the fruit of an illegal search and should have been suppressed.

It is well settled that a hearing court's determination is to be accorded great deference on appeal and will not be dis-

turbed unless it is clearly unsupported by the record *(see, People v Cartier,* 149 AD2d 524, *cert denied* — US —, 110 S Ct 1927; *People v Garafolo,* 44 AD2d 86, 88). There is no basis in the instant record to upset the hearing court's factual determinations and its assessment of the witness's credibility.

The police searched the defendant's residence based upon a reasonable belief that they were confronted with an emergency situation where the safety of a child was potentially in jeopardy. The intrusion was not primarily motivated by the intent to arrest and seize evidence and there was a reasonable basis, approximating probable cause, to associate the emergency with the area searched *(see, People v Mitchell,* 39 NY2d 173, 177-179, *cert denied* 426 US 953). Under the circumstances, a warrantless search was justified *(see, People v Mitchell, supra; see also, People v Calhoun,* 49 NY2d 398). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.