■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CISCO, Appellant.—Motion by the appellant *pro se* for a writ of error coram nobis to vacate a decision and order of this court dated April 27, 1987, which determined an appeal from a judgment of the Supreme Court, Suffolk County, rendered January 12, 1981 *(see, People v Cisco, 129 AD2d 805).*

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel. The defendant points to no argument which counsel could have raised upon direct appeal but unreasonably failed to do so *(see, Jones v Barnes, 463 US 745).* Mangano, P. J., Kunzeman, Kooper and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CRANDALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 12, 1988, convicting him of sodomy in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is well settled that a hearing court's determination is to be accorded great deference on appeal and will not be disturbed unless it is clearly unsupported by the record *(see, People v Diaz, 170 AD2d 618; People v Cartier, 149 AD2d 524, cert denied — US — 110 S Ct 1927).* The evidence adduced at the suppression hearing fully supports the hearing court's determination that the defendant voluntarily consented to the police officers' entry into his apartment and their recovery of a meat hook and nightstick *(see, People v Gonzalez, 39 NY2d 122; People v Estrella, 160 AD2d 250; People v Thomas, 144 AD2d 506; People v Credidio, 141 AD2d 661; People v Buggs, 140 AD2d 617; People v Zimmerman, 101 AD2d 294).*

Moreover, in view of the defendant's criminal record, his lack of remorse and the violent nature of the crime and its effect on the victim, it cannot be said that the sentence imposed was harsh or excessive *(see, People v Dukes, 156 AD2d 708; People v Shaw, 124 AD2d 686; People v Marrero, 110 AD2d 785; People v Suitte, 90 AD2d 80).* Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.