■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BYRD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 12, 1989, convicting him of robbery in the first degree (two counts), and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his due process right to a fair trial by the admission of the complainants' lineup identifications which were tainted by a suggestive photographic identification procedure at which the complainants jointly viewed a stack of photographs on top of which the defendant's picture had been placed. The defendant failed to preserve for appellate review his claim that the identification procedure was unduly suggestive based upon the complain-

ants' joint viewing of photographs at the precinct (CPL 470.05 [2]). In any event, under the facts and circumstances of this case, the claim is without merit. While the practice of eliciting photographic identifications from more than one witness at a time has been condemned as unduly suggestive *(see, People v Fernandez,* 82 AD2d 922), "it cannot be said that this procedure alone constitutes reversible error" *(People v Mosley,* 110 AD2d 937, 938). The record contains no evidence that the two complainants consulted with one another in determining which picture depicted their assailant. In fact, the only evidence adduced at the hearing revealed that within seconds of having the photos placed in front of them, the complainants simultaneously exclaimed "that's him". "Thus, there is no evidence that either witness influenced the other, or that the viewing of the photos was otherwise tainted" *(People v Cummings,* 109 AD2d 748). Additionally, the hearing court determined that it was merely a coincidence that the defendant's picture was placed on the top of the pile of photographs to be reviewed by the complainants and expressly credited the hearing testimony of both complaining witnesses and the Detective who conducted the photographic array. It is well settled that a hearing court's determination is to be accorded great deference on appeal and will not be disturbed unless it is clearly unsupported by the record *(see, People v Crandall,* 172 AD2d 618; *People v Diaz,* 170 AD2d 618). We find that there is no basis on the instant record to upset the hearing court's factual determinations and its assessment of the witnesses' credibility.

We have examined the defendant's remaining contention regarding the ineffective assistance of counsel and find it to be without merit *(see,* CPL 470.05 [2]; *People v Hazzard,* 177 AD2d 593). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.