■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BARTHOLOMEW, Appellant. [655 NYS2d 437] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 7, 1994, convicting him under Indictment No. 1010/94 of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court also rendered December 7, 1994, revoking a sentence of probation upon a finding that the defendant had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his adjudication as a youthful offender under Indictment No. 787/93. The appeal from the judgment rendered under Indictment No. 1010/94 brings up for review the denial, after a hearing (Flaherty, J.), of the defendant's motion to suppress identification evidence.

Ordered that the judgment and amended judgment are affirmed.

Contrary to the defendant's claim, the People adduced sufficient evidence at the pretrial hearing regarding the circumstances surrounding the witnesses' viewing of photographs, and met the initial burden of going forward to establish the reasonableness of the police conduct and the lack of suggestiveness of the pretrial identification procedure. The testimony of the police administrative aide who supervised the viewing of hundreds of photographs by the two witnesses, who were seated at the same table about five feet apart, established that the

witnesses' photographic identifications were separate and independent from each other (*see, People v Magee,* 122 AD2d 227; *People v Cummings,* 109 AD2d 748). The defendant failed to satisfy his ultimate burden of proving that the identification procedure was unduly suggestive (*see, People v Byrd,* 183 AD2d 773; *People v Collymore,* 127 AD2d 603, 604).

The defendant's claims with respect to the alleged prosecutorial misconduct are either unpreserved for appellate review or do not require reversal. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.