■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONNELL BURNS, Also Known as JEROME KIDY, Appellant. [722 NYS2d 76] —Mugglin, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 30, 1999, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

Defendant was indicted based upon his involvement in a fight during which he allegedly used a razor blade to sever the temporal artery of the victim. In the early morning hours of August 16, 1998 in the City of Troy, Rensselaer County, defendant and two friends confronted several individuals who were then leaving a local nightclub and physically attacked one individual. The victim intervened and was allegedly cut by defendant, who then fled down an alley where he was apprehended by a Troy police officer.

Defendant was transported to a police station where he was secured to a bench in the booking room in close proximity to an uninvolved arrestee. Defendant subsequently told the arrestee, "You see this cut on my finger? I was cut during a bar fight with a razor." In addition, a search of the arrest area produced a razor blade. Although the victim could not unequivocally identify defendant from a photo array, two other individuals involved in the altercation were able to identify defendant as the assailant. A jury subsequently found defendant guilty of assault in the second degree and criminal possession of a weapon in the third degree and he was sentenced to concurrent indeterminate terms of imprisonment of 3½ to 7 years. Defendant now appeals.

We affirm. Initially, we are unconvinced that County Court erred in failing to suppress defendant's oral statement made at the police station or that the jury should have disregarded defendant's statement as being "involuntary." Defendant's disagreement with both rulings distills to the fundamental premise that the testimony of the police officer was incredible as a matter of law since, although defendant conversed with the uninvolved arrestee for 30 minutes, this statement was the only part of the entire conversation that the police officer claims

to have overheard. Also, defendant argues that the police officer's trial testimony varied from his testimony in the suppression hearing since at trial he described defendant as yelling when the incriminating statement was made.

At either a suppression hearing or at trial, the People are required to prove beyond a reasonable doubt that any incriminating statement allegedly made by a defendant was voluntary (*see, People v Anderson*, 42 NY2d 35, 38). Whether a defendant's statement was voluntarily made is a question of fact to be resolved by an examination of all of the attendant circumstances (*see, People v Guillery*, 267 AD2d 781, *lv denied* 94 NY2d 920). When the People contend that a defendant's statement was either spontaneous or volunteered, the evidence must indicate that the claimed inculpatory statement was made without external cause (*see, People v Stoesser*, 53 NY2d 648, 650) and was " 'not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Snide*, 256 AD2d 812, 814, quoting *People v Rivers*, 56 NY2d 476, 479; *accord, People v Maerling*, 46 NY2d 289, 302-303).

Notably, defendant does not contend that his statement was not spontaneous or volunteered. In addition, the police officer's testimony is not impossible of belief because nothing in the record indicates that it is manifestly untruthful, physically impossible, inherently self-contradictory or in conflict with commonly accepted human experience, one or more of which factors must be present before the testimony can be branded as being incredible as a matter of law (*see, People v Shedrick*, 104 AD2d 263, 274, *affd* 66 NY2d 1015). Factual determinations made by the suppression court are entitled to great weight and will not be disturbed unless clearly erroneous (*see, People v May*, 263 AD2d 215, 219, *lv denied* 94 NY2d 950). Likewise, at trial, it is the jury's function to assess the credibility of the witnesses and to determine for itself which testimony it will accept or reject (*see, People v Thomas*, 273 AD2d 606, 607, *lv denied* 95 NY2d 872).

Next, we reject defendant's contention that the pretrial identification procedure was unduly suggestive. Although the evidence adduced at the *Wade* hearing establishes that the witnesses were each present while the other viewed the photo array, the police officer clearly took steps to prevent consultation between the witnesses and to preclude each from observing which photo the other had selected. Consequently, the People met their initial burden of establishing that the identification procedure was not unduly suggestive (*see, People*

v Chipp, 75 NY2d 327, 335, cert denied 498 US 833) and defendant failed to satisfy his ultimate burden of proving that it was (see, id., at 335; People v Bartholomew, 237 AD2d 371, 371-372, lv denied 90 NY2d 855). Additionally, each witness had ample opportunity to observe defendant during the events in question and, therefore, their identification of defendant had an adequate independent basis which alone renders such identification testimony admissible (see, People v Cummings, 109 AD2d 748, 749).

Defendant's assertion that the verdict was not supported by legally sufficient evidence is unpersuasive. Evidence is legally sufficient to justify a conviction if "there is any valid line of reasoning and permissible inferences" (People v Bleakley, 69 NY2d 490, 495) from which " 'a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt' when the evidence presented is viewed in the light most favorable to the prosecution" (People v Tunstall, 278 AD2d 585, 586, quoting People v Harper, 75 NY2d 313, 316). Here, the evidence established that defendant swung at the victim, the victim immediately suffered a cut which bled profusely, defendant fled the scene, a razor blade was found where he was arrested and he made an inculpatory statement at the police station. In addition, a witness testified that after she saw blood streaming down the victim's face, she watched defendant retrieve the razor blade and attempt to swing at the victim a second time. On this record, it was entirely reasonable for the jury to conclude that the People proved every element of the crimes charged beyond a reasonable doubt.

Next, we reject defendant's argument that the verdict is contrary to the weight of the evidence. "[U]pon viewing all of the evidence in a 'neutral light,' and weighing 'the relative probative value of the inferences that may be drawn from the testimony' " (People v Tunstall, supra, at 587, quoting People v Jefferson, 248 AD2d 815, 817, lv denied 92 NY2d 926), "but according due deference to the jury's 'opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Kraft, 278 AD2d 591, 592, quoting People v Bleakley, supra, at 495), we conclude that the verdict is not against the weight of the evidence. Even were we to reject the eyewitness testimony of defendant's possession of the weapon as unreliable, there is sufficient circumstantial evidence in this record to support the convictions and we do not distinguish between direct and circumstantial evidence in this kind of review (see, People v Davis, 260 AD2d 726, 729, lv denied 93 NY2d 968).

The balance of defendant's contentions likewise lack merit.

County Court did not abuse its discretion in denying defendant's motion, made on the eve of trial, to amend the caption of the indictment to eliminate his alias. It is axiomatic that the indictment itself is not evidence and the use of an alias bears on defendant's credibility (*see, People v Bost*, 176 AD2d 1085, *lv denied* 79 NY2d 853). Moreover, with respect to the *Sandoval* issue and the evidence of defendant's prior criminal conduct, in our view County Court appropriately struck a balance between its impact upon his credibility and the prejudicial effect it might have on the jury should defendant choose to testify (*see, People v Kingsbury*, 256 AD2d 916). Lastly, since the sentences imposed are within permitted statutory ranges and defendant has failed to demonstrate any extraordinary circumstances which would warrant a modification, we cannot say that the sentence is harsh and excessive (*see, People v Biggs*, 268 AD2d 800; *People v Williams*, 266 AD2d 647, 648, *lv denied* 94 NY2d 886).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.