THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PHILLIPS, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 6, 1978, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Shapiro, J. P., Cohalan and Martuscello, JJ., concur.

Margett, J., dissents and votes to reverse the judgment of conviction and dismiss the indictment, with the following memorandum: At 11:55 P.M. on November 10, 1977, Officer Peter C. Lauda and his partner, Officer Bryan, responded to a radio run at 87-72 98th Avenue in Queens. Two fellow officers already at the scene informed Officer Lauda that there was a man in the house who had threatened them with a rifle. An elderly woman, later identified as defendant's mother, was standing outside of the house. Shortly thereafter, defendant came out of the house with the rifle still in his hand. While defendant was standing on the front porch, the officers "rushed" defendant, disarmed him, and placed him under arrest. After defendant was brought "under control", he and his mother were escorted into the house. Officer Lauda did not speak with defendant's mother until after they were inside the house. Once inside, defendant's mother advised the officers to "be careful with her son" because he had a "plate" in his head. She also informed the officers that defendant had other weapons in the basement. Officer Lauda searched the basement and recovered two automatic pistols, two revolvers, one BB rifle, one BB pistol, 13 rifles and a quantity of ammunition. On redirect examination at the suppression hearing, Officer Lauda was asked: "did Mrs. Phillips give you permission to go into the basement to recover" the guns? He answered, "Yes, she did." The People may justify a warrantless search based upon consent, but bear a heavy burden of proving the voluntariness of the purported consent (*People v Gonzalez*, 39 NY2d 122, 128). In determining the voluntariness of the consent one must consider: (1) whether the consenter is under arrest; (2) whether the consenter has had prior contact with police; and (3) whether the consenter was advised of her right to refuse to consent (*People v Gonzalez, supra*, pp 128-130; *People v Litt*, 71 AD2d 926). In the instant case, the purported consenter was defendant's elderly mother, who had no prior experience with the law. The police did not speak to her until after they had placed her son under arrest and entered her house. Officer Lauda expressed the conclusion that Mrs. Phillips gave "permission to go into the basement to recover" the guns but did not indicate what Mrs. Phillips' words were nor

the circumstances surrounding her purported consent. In my opinion, the People failed to satisfy their heavy burden of proving the voluntariness of the purported consent to search the basement. The only evidence with regard to consent was (1) testimony that defendant's mother said he had "other weapons in the house" and (2) the conclusory statement, on redirect examination of the arresting officer, that defendant's mother gave him permission to go into the basement to recover the weapons. This evidence was insufficient. On appeal, respondent submits a copy of the Grand Jury minutes to bolster the evidence submitted at the suppression hearing. However, only the evidence adduced at the suppression hearing may be considered in determining the propriety of the search (see *People v Brockett,* 64 AD2d 612). Nor may it be said that the search was justified by "exigent circumstances", since there is no evidence that the police reasonably believed that the weapons were threatened with removal or destruction (see *Matter of Kwok T.,* 43 NY2d 213, 220-221). Furthermore, contrary to the decision of Criminal Term, the search of the basement can hardly be considered incidental to a lawful arrest in view of the fact that the arrest took place on the porch of defendant's home. Indeed, I question the propriety of the entry by the police into defendant's home following the arrest. A fortiori, defendant's subsequent admission to ownership of the rifles in the basement also should have been suppressed *(Wong Sun v United States,* 371 US 471).