■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA JOYNES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 20, 1979, convicting her of criminal possession of stolen property in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress evidence. Judgment affirmed. The sole question raised by the defendant upon this appeal is whether her acquiescence to a request made by two police officers to accompany them to their station house for the purpose of further investigation of a complaint relating to criminal activity was a free consent, voluntarily and intelligently given, or a mere submission to superior official presence, that is, submission to "the badge". We find that the defendant voluntarily consented to accompany the officers. At the time the request was made defendant was not under arrest and was not handcuffed. She was not unfamiliar with legal process having previously been convicted 13 times, upon guilty pleas. After some initial disruptive behavior, she "calmed down" when the police asked her to do so and a prospective complainant was unable to identify her. Also, while defendant was not advised by the police that she had the right to refuse their request to accompany them it is not required of the police that they do so in order to establish a voluntary consent *(Schneckloth v Bustamonte,* 412 US 218). It suffices that defendant not be under a belief that no such right to refuse existed. The totality of circumstances presented on this appeal convinces this court that defendant did not submit to official presence but voluntarily consented to the police request (see *People v Gonzalez,* 39 NY2d 122; *People v Phillips,* 71 AD2d 1007). The motion to suppress was properly denied. Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.

35 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD M. KARMEL, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed May 15, 1979, upon his conviction of the crimes of grand larceny in the second degree (two counts) and forgery in the second degree, on a plea of guilty, the sentence being consecutive terms of imprisonment and a fine. Sentence modified, as a matter of discretion in the interest of justice, by providing that the terms of imprisonment are to run concurrently rather than consecutively and by deleting the fine imposed. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.