*577
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 Although aggregate maximum terms of consecutive sentences imposed on defendant who was convicted of two crimes, one of which was a class B felony, exceeds 30 years, we hold that the sentences were not illegal requiring their modification or vacatur but that the maximum term of the consecutive sentences, 32 years, must be deemed to be 30 years.
 

 Defendant pleaded guilty to rape in the first degree and assault in the second degree. He was sentenced to consecutive indeterminate terms of imprisonment of
 
 8Vs
 
 to 25 years and
 
 2Vs
 
 to 7 years, respectively.
 

 On this appeal, defendant argues that the maximum sentence imposed of 32 years exceeded the limits of section 70.30 (subd 1, par [c]) of the Penal Law and was, therefore, illegal. In pertinent part, subdivision 1 of section 70.30, at the time that the defendant was sentenced, provided:
 

 “1. Indeterminate sentences. An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services. Where a person is under more than one indeterminate sentence, the sentences shall
 

 be calculated as follows:
 

 % % %
 

 “(b)
 
 If the sentences run consecutively,
 
 the minimum periods of imprisonment are added to arrive at an aggregate minimum period of imprisonment equal to the sum of all the minimum periods,
 
 and the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms, provided, however, that both the aggregate maximum term and the aggregate minimum period of imprisonment shall be subject to the limitations set forth in paragraphs (c)
 
 and (d) of this subdivision, where applicable;
 

 “(c)
 
 The aggregate maximum term of consecutive sentences imposed for two or more crimes,
 
 other than two or more crimes that include a class A felony,
 
 committed prior to the time person was imprisoned under any of such
 
 
 *578
 

 sentences shall,
 
 if it exceeds twenty years, be deemed to
 
 be twenty years, unless one of the sentences was imposed for a class B felony, in which case the aggregate maximum term shall, if it exceeds thirty years, be deemed to be thirty years. Where the aggregate maximum term of two or more consecutive sentences is reduced by calculation made pursuant to this paragraph,
 
 the aggregate minimum period of imprisonment, if it exceeds one-half of the aggregate maximum term as so reduced, shall be deemed to be one-half of the aggregate maximum term as so reduced”. (Emphasis supplied.)
 

 In
 
 People v Zimmer
 
 (88 AD2d 1031), the Third Department interpreted these provisions to mean that where the aggregate maximum sentence exceeds 30 years, the sentence is illegal and must be vacated. Contrawise, the Second Department in this case held that the statute only governs the maximum sentence release date, but otherwise does not require that the entire sentence be voided. We agree.
 

 Where the aggregate maximum term of consecutive sentences imposed for convictions of two or more crimes exceeds the applicable limitation set forth in section 70.30 (subd 1, par [c]) of the Penal Law, the term shall be “deemed” to be equal to that limitation and “reduced” accordingly. The statute does not restrict the number or length of the individual consecutive sentences that may be imposed, nor does it require that the resulting aggregate sentence be vacated whenever the aggregate maximum exceeds the limitation. Rather, as observed by the Appellate Division, it merely requires that the Department of Correctional Services calculate the aggregate maximum length of imprisonment consistent with the applicable limitation.
 

 Here, where defendant was convicted of two crimes, one of which was a class B felony, the statute mandates that the resulting aggregate maximum term of imprisonment of 32 years be deemed to be 30 years. As thus reduced, the sentence falls within the statutory limitations and was correctly affirmed by the Appellate Division.
 

 Defendant’s other contentions are without merit.
 

 
 *579
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.