THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SHAW, Appellant.

The defendant's claim that the trial court abused its discretion in receiving into evidence eight color photographs depicting the injuries inflicted upon the complainant during the armed robbery of her home, which included several lacerations and bruises, is unpersuasive. The photographs were probative on the issue of an element of several of the crimes charged, namely, that the defendant caused physical injury to the victim (*see,* Penal Law § 120.05 [1]; § 140.30 [2]; § 160.10 [2] [a]), and thus were properly admissible (*see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214), particularly since the 71-year-old complainant could neither describe the manner in which, nor the time at which, the injuries were inflicted.

We now turn to the defendant's contention that the sentence imposed on him was excessive insofar as it reflected the Trial Judge's vindictiveness toward him for exercising his right to a jury trial rather than accepting a plea bargain. It is fundamental that retaliation or vindictiveness may not play a role in sentencing a convicted defendant who had elected to proceed to trial rather than plead guilty pursuant to a negotiated bargain (*see, Corbitt v New Jersey,* 439 US 212; *People v Patterson* 106 AD2d 520). A review of the record shows no retaliation or vindictiveness against the defendant for electing to proceed to trial. Quite to the contrary, the sentencing court properly considered the defendant's lack of remorse and the relentless, repetitive and heinous criminal behavior in which he engaged when imposing sentence (*see, People v Suitte,* 90 AD2d 80).

Finally, we note that pursuant to Penal Law § 70.30 (1) (c) (iii), the aggregate maximum term of the four consecutive sentences imposed upon the defendant, which equals 100 years, must be "deemed" to be 50 years. The statute does not, however, require this court to modify or vacate the underlying sentences but merely requires that the Department of Correctional Services calculate the defendant's maximum length of imprisonment consistent with the applicable limitation *(see, People v Moore,* 61 NY2d 575). Thus, the sentence imposed shall remain undisturbed.

We have considered the defendant's remaining contentions and find them to be unpreserved for our review and, in any event, without merit. Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.