■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEON TYCE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered April 7, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing a sentence of 25 years' to life imprisonment on the murder count and 5 to 15 years on the possession count, to run consecutively with each other. The appeal brings up for review the denial, after a hearing (Mirabile, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is modified, on the law, by deleting the provision that the terms of imprisonment are to run consecutively and substituting therefor a provision that the terms of imprisonment shall run concurrently to each other; as so modified, the judgment is affirmed.

In view of the fact that the defendant was a known informant who had previously assisted the police in an unrelated homicide investigation, we agree with the finding of the Supreme Court that he voluntarily accompanied the police to the precinct to assist them with their investigation of the instant crimes *(see, People v Bailey,* 140 AD2d 356; *People v Munro,* 86 AD2d 683, 684; *People v Joynes,* 72 AD2d 799). The record demonstrates that a detective to whom the defendant had previously supplied information told the defendant that a shooting was being investigated and that he wanted the defendant to accompany him to the precinct for questioning. While the defendant was not advised that he could refuse the request that he accompany the detective, the hearing record contains nothing to indicate that the defendant was unaware of his right to decline the request *(see, People v Yukl,* 25 NY2d 585, 590, *cert denied* 400 US 851; *People v Oates,* 104 AD2d

907, 911; *People v Joynes, supra).* Moreover, the defendant was never handcuffed, no guns were drawn, and he never objected to accompanying the detective to the precinct. The fact that the defendant was given *Miranda* warnings upon his arrival at the precinct further negates any possibility that he believed he was obligated to speak with the detective *(see, People v Oates, supra).* Moreover, inasmuch as the defendant had previously worked for the victim and was seen near the victim's office on the day of the homicide, a reasonable person innocent of any crime and in the defendant's position would likely have believed himself to be a witness possessed of important information relevant and necessary to the investigation *(see, People v Yukl, supra,* at 589; *People v Putland,* 105 AD2d 199, 206-207). Furthermore, the detective testified that when the defendant previously acted as an informant, he spoke to members of the District Attorney's office on several occasions. Thus, the evidence indicates that the defendant voluntarily agreed to make a statement to the Assistant District Attorney on this occasion, and that he further agreed to wait at the precinct for an Assistant District Attorney to arrive for this purpose. The record demonstrates that the defendant was repeatedly left unaccompanied at the precinct and that he was free to leave prior to the Assistant District Attorney's arrival. Prior to making his statement, the defendant was told by an Assistant District Attorney that he was being questioned as part of a homicide investigation, and he again was apprised of the *Miranda* warnings. The defendant was not arrested after giving his statement, and he left the precinct shortly thereafter.

While extended police interrogation may give rise to a custodial setting in some instances, under the foregoing circumstances we find that the precinct interviews conducted by the detective and the Assistant District Attorney herein were noncustodial in nature *(see, People v Bailey,* 140 AD2d 356, 359). Moreover, in view of the two sets of *Miranda* warnings which the defendant received, acknowledged, and freely waived, we agree with the finding of the Supreme Court that his statement was knowingly and voluntarily made and was therefore admissible *(see, People v Sanchez,* 133 AD2d 384, 385).

We have considered the contentions raised by the defendant in his supplemental *pro se* brief concerning the sufficiency and veracity of the Grand Jury testimony and the adequacy of the court's charge on corroborative evidence, and we find these claims to be wholly without merit *(see generally, People v*

*Tillotson,* 63 NY2d 731, 733; *People v Moses,* 63 NY2d 299, 308; *People v Pelchat,* 62 NY2d 97, 106; *People v Howell,* 3 NY2d 672, 677; *People v Glen,* 173 NY 395, 400). We also conclude that the error committed by the trial court in admitting evidence of the accomplice's refusal to undergo polygraph examinations was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Smith,* 61 AD2d 91, 98).

However, with respect to the sentencing issue raised by the defendant, we find no evidence in the record to substantiate the People's assertion that the defendant possessed the weapon at any time other than during the commission of the felony murder. Accordingly, his sentences for felony murder and weapon possession must run concurrently *(see,* Penal Law § 70.25 [2]; *People v Underwood,* 52 NY2d 882, 883; *People ex rel. Maurer v Jackson,* 2 NY2d 259, 265; *People v Ellis,* 139 AD2d 662). Furthermore, inasmuch as the underlying felony of attempted robbery required the defendant to possess a deadly weapon, and that count of the indictment charging the defendant with murder in the second degree, a felony, alleges that the defendant shot the victim, the felony murder charge and the charge of criminal possession of a weapon necessarily involved the same material element (i.e., possession of a loaded firearm with the intent to use it unlawfully) *(see,* Penal Law § 70.25 [2]; *see also, People v Claudio,* 130 AD2d 759, 760). As a result, we agree with the defendant's contention that the imposition of concurrent terms of imprisonment is warranted. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.