■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BILLY RAY LITTLEJOHN, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered November 8, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts), and bail jumping in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 8 to 24 years imprisonment for criminal sale of a controlled substance in the third degree, to run concurrently with three consecutive indeterminate terms of 8 to 24 years imprisonment for criminal possession of a controlled substance in the third degree (three counts), all to run consecutively to an indeterminate term of 1⅓ to 4 years imprisonment for bail jumping in the second degree.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Furthermore, the trial court properly denied the defendant's request for substitution of counsel (see, People v Sawyer, 57 NY2d 12, cert denied 459 US 1178; People v Arroyave, 49 NY2d 264). The defendant's request was made after the commencement of trial (People v Arroyave, supra, at 271-272), and he did not demonstrate sufficient good cause to warrant substitution (see, People v Sawyer, supra, at 19; People v Rodriguez, 126 AD2d 580).

Similarly, the sentence imposed upon the defendant was not excessive (see, People v Suitte, 90 AD2d 80). The imposition of consecutive sentences for each conviction of criminal possession of a controlled substance in the third degree and for bail jumping in the second degree was appropriate under the circumstances of this case, as the offenses charged constituted separate and distinct acts (see, Penal Law § 70.25; People v Brathwaite, 63 NY2d 839). Moreover, there was no impropriety in the imposition of an aggregate maximum term of 76 years. Since the defendant was convicted of four crimes, at least one of which was a class B felony, pursuant to Penal Law § 70.30 (1) (c) (i), this aggregate maximum term must be deemed 30 years (see, People v Moore, 61 NY2d 575; People v Bachman, 158 AD2d 930). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.