■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BRUNSKILL, Appellant. [607 NYS2d 94] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered February 15, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), under Indictment No. 620/89, upon a jury verdict, and imposing sentence. Appeal from a purported judgment of the same court, also rendered February 15, 1990, under Indictment No. 160/89.

Ordered that the appeal from a purported judgment rendered under Indictment No. 160/89 is dismissed as that indict-

ment was dismissed by order of the Supreme Court, Suffolk County, dated April 27, 1989, because it was superseded by Indictment No. 620/89; and it is further,

Ordered that the judgment rendered under Indictment No. 620/89 is affirmed.

The defendant's conviction of two counts of criminal sale of a controlled substance in the third degree arises from his sales of cocaine to an undercover police officer on August 5, 1988, and September 8, 1988. On appeal he contends that he was deprived of the effective assistance of counsel because his trial attorney failed to call necessary witnesses, to properly examine and cross-examine witnesses, to request pertinent charges, to introduce valuable evidence, to deliver adequate opening and closing statements, and to prepare for the trial.

"What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146; *see also, People v Rivera,* 71 NY2d 705, 708). Trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi, supra,* at 146-147; *see also, People v Satterfield,* 66 NY2d 796).

Applying these principles, we find that the defendant received the effective assistance of counsel. Counsel called the defendant's mother, his wife, and the wife's co-worker who testified essentially that on the dates and times indicated in the indictment, the defendant was somewhere else other than the location of the alleged sales and could, therefore, not be the individual involved in the drug sales. Counsel also called the defendant's supervisors at work, who testified that the defendant was at work on June 23, 1988, August 5, 1988, and September 8, 1988. Thus, defense counsel called adequate witnesses to support the alibi defense. Moreover, defense counsel properly cross-examined the prosecution witnesses. Indeed, the defendant was acquitted of a charge involving a sale which allegedly occurred on June 23, 1988.

Counsel adduced testimony to contradict the prosecution witnesses' testimony to the effect that the defendant's physical appearance at the time of trial was different from his appearance in the past. He also made various motions to dismiss.

That counsel's tactics were not successful, does not render his representation ineffective (see, People v Marshall, 193 AD2d 818; People v Hinton, 140 AD2d 712).

There was no impropriety in the imposition of an aggregate maximum term of 40 years imprisonment. However, since the defendant was convicted of two crimes, at least one of which was a class B felony, pursuant to Penal Law § 70.30 (1) (c) (i), this aggregate maximum term must be deemed 30 years and the aggregate minimum term must be deemed 15 years (see, People v Littlejohn, 172 AD2d 776, 777; see also, People v Moore, 61 NY2d 575; People v Bachman, 158 AD2d 930).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.