■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY SUTTON, Appellant. [617 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 7, 1992, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the trial court's charge on the presumption of innocence was improper (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, the trial court's charge as to the presumption of innocence was proper. Specifically, the court on several occasions instructed the jury in detail that the defendant was "presum[ed] innocent" and that only if the jury came to the unanimous conclusion that the defendant's guilt was proven beyond a reasonable doubt would the "presumption of innocence" disappear. Thus, while the court did state several times that the defendant was "presumed to be not guilty", it used that term and the term "presum[ed] innocent" interchangeably in a clear and easily understandable manner so that the court adequately conveyed the legal principle of the meaning of the "presumption of innocence" to the jury (see, CPL 300.10 [2]). We find that the court's charge, considered as a whole, conveyed the appropriate standard (see, e.g., People v Thomas, 50 NY2d 467).

Furthermore, the imposition by the Supreme Court of consecutive sentences on the three counts of robbery in the second degree was proper since the acts of robbing the three complainants were separate and distinct, even though two of the robberies occurred within a single extended transaction (see, People v Truesdell, 70 NY2d 809, 811; People v White, 192 AD2d 736, 737). Moreover, there was no impropriety in the imposition of an aggregate maximum term of imprisonment of 40 years (Penal Law § 70.30 [1] [c] [i] [aggregate maximum term must be deemed 20 years]; see, People v Moore, 61 NY2d

575; *People v Littlejohn,* 172 AD2d 776, 777). Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.