■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TANO, Appellant. [686 NYS2d 333] —Appeal by the defendant from (1) a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 26, 1997, convicting him of attempted robbery in the second degree under Indictment No. 96-00492, and (2) a judgment of the same court, rendered February 11, 1998, convicting him of bail jumping in the second degree under Indictment No. 97-00436, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's challenge to the factual sufficiency of his plea allocution to attempted robbery in the first degree is unpreserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636), and in any event is precluded because he pleaded guilty to a lesser offense than that charged in the indictment (*see, People v Pelchat,* 62 NY2d 97, 108; *People v Hanson,* 229 AD2d 504).

We have considered the defendant's remaining contentions and find them to be without merit (*see, People v Lazzaro,* 180 AD2d 696; *People v Littlejohn,* 172 AD2d 776). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN THOMAS, Also Known as KELVIN THOMAS, Also Known as KELVIN FRANKLIN, Also Known as LESTER DAVIS, Appellant. [686 NYS2d 731] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cirigliano, J.), rendered June 17, 1996, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's request for a missing witness charge because, *inter alia*, the defendant failed to establish that the witness in question would naturally have been expected to testify favorably to the prosecution (*see, People v Gonzalez,* 68 NY2d 424, 428). O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.