THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROSE, Appellant. [746 NYS2d 908]

The defendant's contention that the verdict was not sup-

ported by legally sufficient evidence is unpreserved for appellate review, as his motion for a trial order of dismissal was general in nature (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19; *People v Bynum,* 70 NY2d 858; *People v Dieppa,* 285 AD2d 558). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of a fair trial by the introduction of uncharged crimes and prior bad acts involving the complainant. Such evidence was admissible to establish whether the defendant placed the complainant in reasonable fear of physical injury, serious physical injury, or death (*see* Penal Law § 215.51 [b] [iii]). In addition, the trial court providently exercised its discretion in weighing the probative value of the evidence against its prejudicial effect (*see People v Hudy,* 73 NY2d 40, 54-55; *People v Alvino,* 71 NY2d 233; *People v Caldarola,* 288 AD2d 234, *lv denied* 97 NY2d 752).

Although the consecutive sentences imposed are legally permissible because the convictions stem from separate and distinct acts (*see* Penal Law § 70.25 [2]), the aggregate term of imprisonment of 24 to 72 years violates the statutory maximum (*see* Penal Law § 70.30 [1] [e]). However, since the Department of Correctional Services will administratively recalculate the sentence to reflect the legally authorized limit, there is no reason to modify the judgment (*see People v Moore,* 61 NY2d 575, 578; *People v Sheppard,* 273 AD2d 498, 500; *People v Brunskill,* 200 AD2d 752, 754).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.