■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO GREENE, Appellant. [826 NYS2d 297]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered February 9, 2004, convicting him of robbery in the second degree (four counts), upon a jury verdict, and sentencing him, as a second felony offender, to four consecutive determinate terms of imprisonment of 10 years, 11 years, 12 years, and 15 years, respectively, on these convictions, to run consecutively with an aggregate term of imprisonment of 41 to 45 years, with 5 years postrelease supervision imposed on the defendant for his prior convictions under Queens County indictment No. 2439/01 (*see People v Johnson*, 33 AD3d 839 [2006] [decided herewith]). The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

During the summer of 2001, the defendant robbed a series of Radio Shack stores in Queens County and Nassau County. After separate trials in each county, the defendant was convicted of robbery in the second degree (four counts) under Nassau County indictment No. 877/02, and robbery in the second degree (three counts), assault in the second degree, criminal possession of a weapon in the third degree, and attempted escape in the first degree under Queens County indictment No. 2439/01 (*see People v Johnson*, 33 AD3d 839 [2006] [decided herewith]).

The hearing court properly denied that branch of the defendant's pretrial motion which was to suppress the identification testimony based on a purportedly improper lineup. There is no requirement that a defendant in a lineup be surrounded by individuals who are nearly identical to him or her in appearance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Since the lineup participants resembled the defendant in attire, hair color, skin tone, and age, minor variations in weight and height did not render the lineup impermissibly suggestive or conducive to mistaken identification, especially where the participants were sitting (*see People v Davis,* 27 AD3d 761 [2006]; *People v Sumpter,* 27 AD3d 590 [2006], *lv denied* 7 NY3d 795 [2006]).

Likewise, the court properly granted the prosecution's *Molineux* application (*see People v Molineux,* 168 NY 264 [1901]) regarding one uncharged robbery that took place in Queens for the limited purpose of establishing identification (*see People v Beam,* 57 NY2d 241, 250 [1982]; *People v Condon,* 26 NY2d 139, 142 [1970]; *People v Molineux, supra*).

The defendant's contention that his convictions were not supported by legally sufficient evidence is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). We note that, because the defendant was convicted of no greater than class C felonies, pursuant to Penal Law § 70.30 (1) (c) (i), the aggregate maximum term of imprisonment in both the Queens County and Nassau County cases must be deemed to be 20 years (*see People v Moore,* 61 NY2d 575, 577-578 [1984]; *People v Sutton,* 208 AD2d 574, 574 [1994]; *People v Brunskill,* 200 AD2d 752, 754 [1994]; *People v Littlejohn,* 172 AD2d 776, 777 [1991]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.