■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Also Known as TITO GREENE, Appellant. [826 NYS2d 295]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered January 22, 2003, convicting him of robbery in the second degree (three counts), assault in the second degree, criminal possession of a weapon in the third degree, and attempted escape in the first degree, upon a jury verdict, and sentencing him, as a second felony offender, to three determinate terms of imprisonment of 10 years on each of the convictions of robbery in the second degree, a determinate

term of imprisonment of 7 years on the conviction of assault in the second degree, an indeterminate term of imprisonment of 2 to 4 years on the conviction of criminal possession of a weapon in the third degree, and an indeterminate term of imprisonment of 2 to 4 years on the conviction of attempted escape in the first degree, all sentences to run consecutively. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence.

Ordered that the judgment is modified, on the law, by directing that the terms of imprisonment imposed on the convictions of assault in the second degree and attempted escape in the first degree run concurrently with each other; as so modified, the judgment is affirmed.

During the summer of 2001, the defendant robbed a series of Radio Shack stores in Queens County and Nassau County. After separate trials in each county, the defendant was convicted of robbery in the second degree (three counts), assault in the second degree, criminal possession of a weapon in the third degree, and attempted escape in the first degree under Queens County indictment No. 2439/01, and robbery in the second degree (four counts) under Nassau County indictment No. 877/02 (see People v Greene, 33 AD3d 936 [2006] [decided herewith]). The Supreme Court, Queens County, as well as the County Court, Nassau County, inter alia, sentenced the defendant to consecutive terms of imprisonment on each count. Additionally, the County Court, Nassau County, ordered that the sentences imposed by it were to run consecutively to those imposed by the Supreme Court, Queens County.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the identification based on a purportedly improper lineup. There is no requirement that a defendant in a lineup be surrounded by individuals who are nearly identical to him in appearance (see People v Chipp, 75 NY2d 327, 336 [1990]; cert denied 498 US 833 [1990]). Since the lineup participants resembled the defendant in attire, hair color, skin tone, and age, minor variations in weight and height did not render the lineup impermissibly suggestive or conducive to mistaken identification, especially where the participants were sitting (see People v Davis, 27 AD3d 761 [2006]; People v Sumpter 27 AD3d 590 [2006], lv denied 7 NY3d 795 [2006]).

However, we agree with the defendant that the imposition of consecutive sentences on the convictions of assault in the second degree and attempted escape in the first degree was an error.

The jury convicted the defendant of assault in the second degree for causing physical injury to a police officer "[w]ith intent to prevent [her] . . . from performing a lawful duty" (Penal Law § 120.05 [3]). He was found guilty of attempted escape in the first degree for, after having been arrested for a class B felony, "[attempting] escape [] from custody" (Penal Law §§ 110.00, 205.15 [2]). Inasmuch as the "attempt to escape from custody" and the "intent to prevent a . . . police officer . . . from performing a lawful duty" describe essentially the same act, the charges of attempt to escape in the first degree and assault in the second degree necessarily involved the same material element (*see* Penal Law §§ 110.00, 120.05 [3]; § 205.15 [2]; *People v Laureano,* 87 NY2d 640, 643 [1996]; *People v Tyce,* 160 AD2d 1033, 1035 [1990]). Accordingly, we modify the sentences on these convictions to run concurrently with each other (*see* Penal Law § 70.25 [2]; *People v Laureano, supra).*

Under the circumstances of this case, the sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). We note that, because the defendant was convicted of no greater than class C felonies pursuant to Penal Law § 70.30 (1) (c) (i), the aggregate maximum term of imprisonment in both the Queens County and Nassau County cases must be deemed to be 20 years (*see People v Moore,* 61 NY2d 575, 577-578 [1984]; *People v Sutton,* 208 AD2d 574 [1994]; *People v Brunskill,* 200 AD2d 752, 754 [1994]; *People v Littlejohn,* 172 AD2d 776, 777 [1991]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.