■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LURLINE MARTIN, Appellant. [826 NYS2d 747]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 19, 2002,

convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was arrested as she exited her apartment building while police prepared to execute a search warrant at her residence. As several officers attempted to handcuff the defendant, she allegedly bit one of the officers and taunted him by declaring that she was infected with AIDS. The defendant was thereafter charged with, inter alia, assault in the second degree pursuant to Penal Law § 120.05 (3).

At trial, the defense did not present any witnesses. During the pre-charge conference, the prosecution requested that the court instruct the jury that there was no issue as to whether the police were performing a lawful duty at the time of the alleged assault, since they were executing a valid search warrant prior to the incident. Defense counsel objected, and argued that the lawful duty element was a question for the jury. The court, however, granted the motion and precluded the defense from arguing the lawful duty issue during summation. Following summation, the court instructed the jury, inter alia, that "[t]here is no issue that the police were performing a lawful duty." We reverse.

"Unless the defendant has conceded a fundamental fact establishing an element of the crime, it is reversible error for the court, in its jury charge, to remove that element from the jury's consideration" (*People v Milhouse,* 246 AD2d 119, 123 [1998]; *see People v Flynn,* 79 NY2d 879, 881 [1992]).

Here, the record does not support the People's contention that the defendant conceded the element that the arresting officer was engaged in a lawful duty at the time of the alleged assault (*see* Penal Law § 120.05 [3]). Since the court's charge removed that element from the jury's consideration, the defendant is entitled to a new trial (*see People v Milhouse, supra; People v Greene,* 221 AD2d 559 [1995]; Penal Law § 120.05 [3]).

In view of the foregoing, we need not reach the defendant's remaining contention. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.