■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BLAIR, Appellant. [847 NYS2d 32]—

Judgment, Supreme Court, Bronx County (John N. Byrne, J.), rendered May 18, 2005, convicting defendant, upon his plea of guilty, of course of sexual conduct against a child in the second degree, and sentencing him to a term of three years, unanimously affirmed.

Although we find that defendant did not make a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]), we perceive no basis for reducing the sentence.

The court properly imposed a supplemental sex offender victim fee (*see* Penal Law § 60.35 [1] [b]). Course of sexual conduct against a child is a continuing crime (*see People v Palmer*, 7 AD3d 472 [2004], *lv denied* 3 NY3d 710 [2004]). In his plea allocution, defendant specifically admitted, as charged in the accusatory instrument, that the crime began in 2003 and ended in 2005. Since the statute providing for the imposition of the fee at issue took effect in 2004, there was no ex post facto violation (*see e.g. People v Rosich*, 170 AD2d 703, 704 [1991], *lv denied* 77 NY2d 1000 [1991]). Defendant's assertion that the crime was committed "in full" for ex post facto purposes in 2003 rests on speculation, and is contradicted by the accusatory instrument and plea allocution. Concur—Lippman, P.J., Nardelli, Buckley, Gonzalez and Sweeny, JJ.