■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [846 NYS2d 373]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered December 13, 2004, convicting him of attempted murder in the second degree, assault in the first degree (two counts), rape in the first degree, aggravated sexual abuse in the second degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Ayala*, 15 AD3d 496 [2005]; *People v Montalbo*, 254 AD2d 504, 505 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the charged offenses beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor's improper comments during her opening remarks and summation constitute reversible error is unpreserved for appellate review.

The defendant contends that the aggregate term of imprisonment of 65 years is excessive, particularly in light of the People's offer of a sentence of 24 years of imprisonment had he agreed to a plea bargain. We disagree.

While "[i]t is fundamental that retaliation or vindictiveness

may not play a role in sentencing a convicted defendant who had elected to proceed to trial rather than plead guilty pursuant to a negotiated bargain" (*People v Shaw*, 124 AD2d 686, 686 [1986]), "the fact that a sentence imposed after trial is greater than that offered during a plea negotiation is no indication that the defendant is being punished for asserting his right to proceed to trial" (*People v Patterson*, 106 AD2d 520, 521 [1984]; *see People v Bellilli*, 270 AD2d 355 [2000]; *People v Lam*, 226 AD2d 554, 555 [1996]).

Here, a review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial. Rather, in imposing sentence, the County Court properly considered the defendant's obvious lack of remorse, apparent from the presentence report and the defendant's own statement at the sentencing hearing, the heinous nature of the crimes, and their effect on the victim (*see People v Farrar*, 52 NY2d 302, 305 [1981]; *People v Shaw*, 124 AD2d at 686; *People v Suitte*, 90 AD2d 80, 83 [1982]). Under these circumstances, the aggregate prison term of 65 years is not excessive (*see People v Crandall*, 172 AD2d 618 [1991]).

We do note, however, that the sentence of 65 years exceeds the maximum length of imprisonment permitted pursuant to Penal Law § 70.30. Since the sentences here were imposed upon the defendant's conviction of more than three violent felonies, more than one of which is a class B violent felony, and none of which is a class A felony, Penal Law § 70.30 (1) (e) (vi) applies to limit the term of imprisonment, and the aggregate term of imprisonment of 65 years must be deemed to be 50 years. The statute does not require this Court to modify or vacate the underlying sentences but "merely requires that the Department of Correctional Services calculate the defendant's maximum length of imprisonment consistent with the applicable limitation" (*People v Shaw*, 124 AD2d at 687; *see People v Moore*, 61 NY2d 575, 577-578 [1984]; *People v Johnson*, 33 AD3d 939, 941 [2006]; *People v Sutton*, 208 AD2d 574, 574 [1994]).

The defendant's remaining contention is without merit. Rivera, J.P., Santucci, Krausman and Lifson, JJ., concur.