■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANWAR HAQUE, Appellant. [897 NYS2d 130]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered July 21, 2004, convicting him of money laundering in the first degree, grand larceny in the second degree (five counts), grand larceny in the third degree, falsifying business records in the first degree (three counts), conspiracy in the fourth degree, and scheme to defraud in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements made after arrest. The totality of the circumstances indicates that the statements were voluntarily made and not a product of coercion (*see* CPL 60.45; *People v Farrell*, 13 AD3d 644 [2004]). The defendant failed to preserve for appellate review his contention that the Supreme Court should have charged the jury with respect to the voluntariness of these post-arrest statements. In

any event, since the defendant failed to elicit any evidence of coercion, the Supreme Court properly did not charge the jury with regard to the voluntariness of his statements to the police following his arrest (see CPL 60.45).

Since the defendant's money laundering continued and was completed after the effective date of the 2000 amendment to Penal Law § 470.20 (L 2000, ch 489, § 5), his conviction of money laundering in the first degree did not violate the Ex Post Facto Clause of the United States Constitution (see US Const, art I, § 10 [1]; *People v Shack*, 86 NY2d 529, 540 [1995]; *People v Blair*, 45 AD3d 486 [2007]; *People v Carrington*, 178 AD2d 648 [1991]; *People v Rosich*, 170 AD2d 703 [1991]).

The testimony of the People's witness who summarized the voluminous records was properly admitted (see *People v Potter*, 255 AD2d 763 [1998]; *People v Weinberg*, 183 AD2d 932 [1992]). The bank investigators did not improperly testify to the ultimate issue before the jury (see *People v A.S. Goldmen, Inc.*, 9 AD3d 283 [2004]). The Supreme Court did not remove an element of falsifying business records in the first degree from the consideration of the jury (*cf. People v Martin*, 36 AD3d 717 [2007]).

Viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, including his accessory liability for the aggregated value of money stolen and laundered (see Penal Law § 20.00; *People v Russell*, 91 NY2d 280, 288 [1998]; *People v Cabey*, 85 NY2d 417 [1995]; *People v Allah*, 71 NY2d 830, 832 [1988]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

The defendant's trial counsel provided meaningful representation and, thus, the defendant was not deprived of the effective assistance of counsel (see *People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80 [1982]). We note that, pursuant to Penal Law § 70.30 (1) (e) (i), the aggregate maximum term of imprisonment for the consecutive grand larceny sentences must be deemed to be 20 years (see *People v Moore*, 61 NY2d 575 [1984]; *People v Johnson*, 33 AD3d 939 [2006]; *People v Rose*, 297 AD2d 646 [2002]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review (see CPL 470.05 [2]). In any event, they are without

merit (*see People v Ortiz*, 92 NY2d 955 [1998] [properly sworn jury]; *People v Cabey*, 85 NY2d 417 [1995] [circumstantial evidence charge]; *People v Calbud, Inc.*, 49 NY2d 389 [1980] [grand jury instructions]; *People v Cox*, 286 NY 137, 145 [1941]; *People v Tighe*, 2 AD3d 1364 [2003] [duplicitous counts]; *People v Houghtaling*, 14 AD3d 879, 882 [2005] [larceny charge]; *People v Cradle*, 176 AD2d 212 [1991] [accessory liability charge]), or do not require reversal (*see People v Crimmins*, 36 NY2d 230, 237 [1975] [use of codefendant's statement; conspiracy charge]). Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.