# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1326
KA 14-02038
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SUSAN M. CALLAHAN, DEFENDANT-APPELLANT.

---

NELSON S. TORRE, BUFFALO, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered March 28, 2014. The judgment revoked a sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the matter is remitted to Steuben County Court for a new hearing in accordance with the following memorandum: On appeal from a judgment revoking the term of probation imposed upon her conviction of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]) and imposing a term of incarceration, defendant contends that County Court erred in conducting the violation of probation hearing in her absence. We agree.

Initially, we reject the People's contention that defendant failed to preserve her contention for our review. The record establishes that defense counsel informed the court immediately prior to the start of the hearing that defendant was requesting an adjournment of the proceeding, and the court responded that it would proceed with the hearing and did so immediately. Consequently, the record establishes that the court, "in response to defendant's [request], 'expressly decided the question raised on appeal,' thus preserving the issue for review" (*People v Smith*, 22 NY3d 462, 465).

Contrary to defendant's contention, the court provided the requisite *Parker* warnings (*People v Parker*, 57 NY2d 136, 141). The record establishes that the court informed defendant at a prior appearance that the hearing would proceed in her absence if she failed to appear, and that she could be sentenced to a maximum state prison sentence if she was found to have violated the conditions of her probationary sentence. Although *Parker* concerned a defendant's failure to appear at trial, the same precepts apply to violation of probation proceedings (*see e.g. People v Severino*, 44 AD3d 1077, 1079,

*lv denied* 9 NY3d 1038; *People v Smith [Robert E.]*, 148 AD2d 1007, 1007-1008, *lv denied* 74 NY2d 747).

We agree with defendant, however, that the record fails to establish that "the court had inquired into the surrounding circumstances and determined that the defendant's absence was deliberate" before proceeding with the hearing (*People v Brooks*, 75 NY2d 898, 899, *mot to amend remittitur granted* 76 NY2d 746; *see People v Bynum*, 125 AD3d 1278, 1278, *lv denied* 26 NY3d 927). Here, after defense counsel informed the court of defendant's request for an adjournment, the court immediately indicated that it was prepared to proceed in her absence, and the court began the hearing. We therefore reverse the judgment and remit the matter to County Court for a new hearing.

Entered: December 23, 2015                    Frances E. Cafarell
                                              Clerk of the Court