People v Kerr (2025 NY Slip Op 00236)

People v Kerr

2025 NY Slip Op 00236

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-02647
 (Ind. No. 14/21)

[*1]The People of the State of New York, respondent,
v
Kaeshawn Kerr, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered March 3, 2022, convicting him of criminal possession of a weapon in the second degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nevertheless, the defendant is entitled to a new trial because the County Court improperly conducted the trial in the defendant's absence. "Before proceeding in [a] defendant's absence, the court [must make an] inquiry and recite[ ] on the record the facts and reasons it relied upon in determining that [the] defendant's absence was deliberate" (People v Brooks, 75 NY2d 898, 899; see People v Amato, 172 AD2d 545, 545). Here, the court failed to provide an adequate statement of reasons or bases for its determination that the defendant's absence from the trial was deliberate. Although the court stated that it was basing its determination on the defendant's "history" and "conduct within the last few days," it failed to detail the history and conduct upon which its determination was based (see People v Johnson, 154 AD3d 777, 778-780; People v Callahan, 134 AD3d 1432, 1433). Accordingly, we reverse the judgment and order a new trial.
Since there must be a new trial, we note that, although the issue is unpreserved for appellate review (see CPL 470.05[2]), the defendant correctly contends that the County Court should have instructed the jury on the home or place of business exception with regard to the count of criminal possession of a weapon in the second degree (see People v Reid, 212 AD3d 845, 847-848; People v Martin, 36 AD3d 717, 718).
The defendant's remaining contention need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court