Matter of Poli v Titov (2025 NY Slip Op 01223)

Matter of Poli v Titov

2025 NY Slip Op 01223

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2024-02289
 (Docket Nos. O-454-24, O-454-24/24A)

[*1]In the Matter of Sara Poli, respondent,
v
Aleksey Titov, appellant.

Del Atwell, East Hampton, NY, for appellant.
Thorsen Law Offices, New City, NY (Ilene K. Graff of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Aleksey Titov appeals from an order of commitment of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated March 4, 2024. The order of commitment, made after a hearing, found that Aleksey Titov violated a temporary order of protection eight separate times and committed him to the custody of the Rockland County Jail for a period of 48 months.
ORDERED that the order of commitment is affirmed, without costs or disbursements.
Aleksey Titov and Sara Poli were involved in an intimate relationship that ended in July 2023. Poli commenced a family offense proceeding on February 14, 2024, after, among other things, Titov allegedly attempted to gain entry to her apartment with an axe while disguised as a maintenance worker. The Family Court issued a temporary order of protection, inter alia, prohibiting Titov from contacting Poli by any means. Poli thereafter filed a violation petition, alleging that Titov had violated the temporary order of protection. After a hearing, the court found that Titov had violated the temporary order of protection eight separate times. The court imposed the maximum penalty pursuant to Family Court Act § 846-a of 6 months' incarceration for each violation of the temporary order of protection, to run consecutively, for a total period of 48 months in the Rockland County Jail. Titov appeals.
Where "an individual is incarcerated as a punitive remedy for violating an order of protection issued under Family Court Act article 8, the proceeding is one involving criminal contempt" (Matter of Rubackin v Rubackin, 62 AD3d 11, 21; see Matter of Lobb v Nanetti, 192 AD3d 1034, 1035). Therefore, although the eight consecutive penalties imposed are legally permissible under the Family Court's statutory authority pursuant to Family Court Act § 846-a (see Matter of Walker v Walker, 86 NY2d 624, 627), the aggregate term of incarceration violates the statutory maximum (see Penal Law § 70.30[2][b]). However, since the aggregate term of incarceration is deemed to be equal to the legally authorized limit, there is no reason to modify the order of commitment (see People v Moore, 61 NY2d 575, 578; People v Rose, 297 AD2d 646, 647).
Under the circumstances of this case, the sentence imposed was not excessive.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court