REGINA GIBBONS, Respondent, v HARRIS W. HANTMAN et al., Defendants; MORRIS APPELMAN, Appellant.

Second Department, June 13, 1977

*O'Leary & O'Leary (Robert Devine* of counsel), for appellant.

*Julien & Schlesinger, P. C. (Robert A. Forte* of counsel), for respondent.

O'CONNOR, J. In this medical malpractice action defendant Morris Appelman appeals from an order of the Supreme Court, Queens County, dated October 21, 1976, which denied his motion for summary judgment as against plaintiff. The peculiar circumstances of this case present one of the rare instances where simple logic dictates the conclusion that the appellant was not guilty of medical malpractice as a matter of law. The order should therefore be reversed and the motion granted.

In April, 1970 plaintiff underwent a cholecystectomy which was performed by defendant Dr. Hantman at defendant Booth Memorial Hospital. According to the plaintiff-respondent's uncontested testimony, given at an examination before trial conducted on November 7, 1975, she went to see Dr. Appelman in September, 1971 because the incision from her operation was oozing. She chose Dr. Appelman, whom she knew to be a general practitioner, because her brother-in-law used the good doctor to treat his colds. She told Dr. Appelman the incision was causing her pain and, after he conducted a 10 to 15 minute examination, he instructed her to return to Dr. Hantman, the surgeon who performed the operation, for the treatment of her ailment. Dr. Appelman did nothing else and, after this one visit, she never saw him again. She chose to ignore his advice and did not seek any further medical attention for several months. During that time there was no change in her symptoms and she continued to work five days per week at her regular job.

In August, 1976 Dr. Appelman initiated a motion for summary judgment. He affirmed that he had no recollection of having treated the plaintiff and that his records and memoranda failed to indicate that he had treated her. Her testimony at the examination before trial indicated that he, as a general practitioner, merely examined her and offered her no treatment, but only the sound advice to return to see Dr. Hantman. There was, therefore, as a matter of law, no malpractice on his part which could be a proximate cause of any damage to the plaintiff.

The plaintiff argued that the motion should be denied because her complaint alleged that Dr. Appelman had treated her in a negligent manner, and also because he had not yet been deposed.

The motion should have been granted. The plaintiff's testimony has established only that she went to see a general practitioner on one occasion and that after he examined her he recommended that she return to the surgeon who had operated on her, a recommendation that was ignored. If upon these facts a jury found Dr. Appelman guilty of malpractice, this court would have to reverse the verdict as unsupported by the evidence as a matter of law. Dr. Appelman properly conducted an examination and, recognizing the limitations upon him inherent in the situation, told the patient to see her surgeon. I see no reason why he should now be subjected to the trauma, trouble and expense of going to trial.

The plaintiff failed to indicate how a factual issue exists as to the appellant's alleged malpractice. Although her complaint alleges negligence: "The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" (Indig v Finkelstein, 23 NY2d 728, 729). The evidentiary facts required to be put forward are conspicuous only by their absolute absence. Furthermore, the failure to depose Dr. Appelman is not a bar to the granting of the motion because he had affirmed, without challenge, that he has no recollection of treating the plaintiff and his records do not indicate that any treatment was given. It would be elevating form over substance to allow Dr. Appelman to reinstitute the present motion only after an examination before trial at which he would likely repeat the content of his affirmation.

Concededly, a proper case for summary judgment in a

negligence action appears on only rare occasions. "But this does not mean that the court is obliged, on policy grounds, to ferret out speculative issues" *(Andre v Pomeroy,* 35 NY2d 361, 364). I can only record my agreement with the following language of the Court of Appeals in *Andre v Pomeroy (supra,* p 364): "But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated."

The order should therefore be reversed.

TITONE and MOLLEN, JJ., concur with O'CONNOR, J.; COHALAN, J. P., and HAWKINS, J., dissent and vote to affirm the order, with the following memorandum: The denial of summary judgment in the current posture of this case was proper. A question of fact was present (see *Procter & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.,* 16 NY2d 344, 362).

Order of the Supreme Court Court, Queens County, entered October 26, 1976, reversed, on the law, without costs or disbursements, and motion of defendant Morris Appelman for summary judgment granted.