■ SHIRLEY FRIMMERMAN et al., Respondents, v MARTIN S. BERNSTEIN et al., Defendants, and MELVIN MOORE, Appellant. — In a medical malpractice action, defendant Melvin Moore appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated March 8, 1984, which denied his motion for summary judgment as to him.

Order reversed, on the law, with costs, motion granted, and complaint dismissed as to appellant.

Appellant, Dr. Melvin Moore, is a radiologist. On January 10, 1981, pursuant to the direction of her personal physician, plaintiff Shirley Frimmerman (hereinafter Frimmerman) visited Dr. Moore for the purpose of having chest X rays taken to rule out the possibility of pneumonia. Dr. Moore took the X rays, advised Frimmerman that they showed pneumonia, told her to seek treatment for pneumonia, and sent a report to the referring physician stating that the X rays showed pneumonia. That ended Dr. Moore's involvement with her.

Subsequently, Frimmerman was admitted to Maimonides Hospital by a physician other than Dr. Moore, and physicians

there apparently believed that the X rays showed cancer. They took additional X rays and tests, eventually performing a thorascotomy. A biopsy proved negative.

Frimmerman and her husband commenced this suit, seeking to recover damages from Maimonides Medical Center, the physicians it employed, and Dr. Moore, *inter alia,* for unnecessary surgery and loss of consortium. Following depositions, Dr. Moore sought summary judgment. Based on the record before us, his motion should have been granted.

The undisputed proof shows that there was no relationship between the operation and the X rays taken by Dr. Moore. He saw no carcinoma and diagnosed no carcinoma.

In opposition to Dr. Moore's motion, Frimmerman simply submitted a hearsay attorney's affirmation which, of course, has no probative value, and purports to rely upon the allegations contained in her bill of particulars. No medical expert's affidavit was tendered.

Under settled precedents, plaintiffs' evidentiary showing falls far short of establishing a triable issue of fact (*Gibbons v Hantman,* 58 AD2d 108, affd 43 NY2d 941 for reasons stated in opinion by Justice O'Connor at the App Div; *Fileccia v Massapequa Gen. Hosp.,* 99 AD2d 796; cf. *Indig v Finkelstein,* 23 NY2d 728). Accordingly, we reverse the order appealed from and grant summary judgment to Dr. Moore. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.