■ DOUGLAS F. RISSEL et al., Appellants-Respondents, v NORNEW ENERGY SUPPLY, INC., Respondent-Appellant, and MARY E. MILLARD, Respondent. NORNEW ENERGY SUPPLY, INC., Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff, v V.D.C. RAUSCHER, INC., Third-Party Defendant-Respondent. [722 NYS2d 643] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Douglas F. Rissel (plaintiff) while he was working on the construction of a pipeline. Plaintiff was injured when a section of pipe that was being hoisted approximately three feet off the ground by a boom attached to a bulldozer/tractor dropped and fell on him. Supreme Court properly granted those parts of the amended motion of defendant Nornew Energy Supply, Inc. (Nornew) and cross motion of defendant Mary E. Millard seeking summary judgment dismissing the Labor Law § 240 (1) claim. The pipe

"was never elevated at a level higher than plaintiff, and [plaintiff's] work * * * was performed at approximately the same level where plaintiff was positioned" (*Puckett v County of Erie*, 262 AD2d 964, 965). The court also properly granted those parts of the cross motion of Millard seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims against her because she had no supervisory control over the construction work (*see, Lombardi v Stout*, 80 NY2d 290, 295). Because an issue of fact exists whether Nornew's operations superintendent exercised a supervisory role, the court properly denied those parts of the amended motion of Nornew seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it.

The court erred, however, in granting those parts of Nornew's amended motion and Millard's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. Defendants contend that 12 NYCRR 23-6.1 (a) specifically excludes the hoisting equipment involved in this incident. We disagree. The record establishes that the crew hoisted the pipe with the side boom and cables, not the excavating machine. Moreover, 12 NYCRR 23-6.1 (d) is sufficiently specific to support a section 241 (6) cause of action, and on this record there is an issue of fact whether a violation of that rule was a proximate cause of plaintiff's injury. We therefore modify the order by denying those parts of Nornew's amended motion and Millard's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim and by reinstating that claim.

Finally, the court properly denied that part of Nornew's amended motion for conditional summary judgment seeking common-law indemnification from third-party defendant. An issue of fact exists whether Nornew is responsible for the accident (*cf., Colyer v K Mart Corp.*, 273 AD2d 809). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.