■ CHRISTOPHER P. HAYDEN, Respondent, v 845 UN LIMITED PARTNERSHIP et al., Appellants. [758 NYS2d 647] —Order, Supreme Court, New York County (Alice Schlesinger, J.),

entered October 10, 2002, which, to the extent appealed from as limited by the brief, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, unanimously modified, on the law, and upon a search of the record, to grant plaintiff's cross motion for summary judgment as to liability on his Labor Law § 241 (6) claim, and otherwise affirmed, without costs.

Contrary to defendants' contention, the Industrial Code sections cited by plaintiff in support of his Labor Law § 241 (6) claim (12 NYCRR 23-6.1 [d]; 23-6.2 [a]) mandate compliance with concrete specifications applicable to this case, since plaintiff, an elevator construction worker, who, at the time of his accident, was drawing an elevator cable up to a "cat-head" by pulling on a rope tied to the cable, was engaged in "hoisting" (*see e.g. Mills v Tumbleweed Mgt. Co.*, 270 AD2d 121 [2000]) and thus in an activity covered by the cited code sections. Indeed, although plaintiff has not cross-appealed from the denial of his cross motion for summary judgment as to liability upon his Labor Law 241 (6) claim, we conclude upon a search of the record (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110 [1984]) that the cross motion should have been granted. Although the defense of comparative negligence was validly raised, evidentiary proof sufficient to raise a triable issue was not submitted in response to plaintiff's prima facie demonstration of entitlement to judgment as a matter of law (*see Keena v Gucci Shops*, 300 AD2d 82 [2002]; *Uluturk v City of New York*, 298 AD2d 233 [2002]).

We have considered the remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan, Rosenberger and Wallach, JJ.