■ George A. Cruci, Appellant-Respondent, v General Electric Company et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. L.J. Coppola, Inc., Third-Party Defendant-Respondent. [824 NYS2d 105]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated July 20, 2005, as denied his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and the defendants third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff payable by the defendants third-party plaintiffs.

As the plaintiff was in the process of hoisting duct work to his coworkers approximately 15 feet above him, the duct work fell and struck him, causing injuries. The plaintiff established his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action by demonstrating that an object, while being hoisted, fell because of the absence of a safety device of the kind enumerated in the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the defendants third-party plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). Accordingly, the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action should have been granted, and that branch of the cross motion of the defendants third-party plaintiffs was properly denied.

With respect to that branch of their cross motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 241 (6), the defendants third-party plaintiffs failed to meet their burden of demonstrating prima facie that Industrial Code § 23-6.1 (d) (*see* 12 NYCRR 23-6.1) lacked the specificity to qualify as a predicate for liability under Labor Law § 241 (6) (*see Zuckerman v City of New York, supra; Hayden v*

*845 UN Ltd. Partnership,* 304 AD2d 499, 500 [2003]; *Rissel v Nornew Energy Supply,* 281 AD2d 880, 881 [2001]). In these circumstances, it is unnecessary to consider the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]). Accordingly, that branch of the cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action was properly denied. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.