STANISLAW KRETOWSKI, Respondent-Appellant, v BRAENDER CONDOMINIUM et al., Respondents, and BREND RENOVATION CORPORATION, Appellant-Respondent. (And a Third-Party Action.) [871 NYS2d 304]—

The plaintiff Stanislaw Kretowski was working as a construction helper at a building owned by Braender Condominium (hereinafter Braender) and managed by Rudd Realty Management Corp. (hereinafter Rudd). He allegedly was injured when a brick fell from a pallet being hoisted to the roof of the building. He commenced this action against, among others, Braender and Brend Renovation Corporation (hereinafter Brend), a contractor performing construction on the premises, alleging violations of Labor Law §§ 240, 241 and 200, as well as common-law negligence.

To prevail on a claim under Labor Law § 240 (1), a plaintiff must prove that the statute was violated and that such violation was a proximate cause of the resulting injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]). Here, the plaintiff established, prima facie, that the defendants were subject to liability under Labor Law § 240 (1) based on his deposition testimony that a brick fell on him while it was being hoisted to the roof (*see Zervos v City of New York,* 8 AD3d 477 [2004]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Hamilton v Kushnir Realty Co.,* 51 AD3d 864 [2008]).

In order to establish a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards and is applicable to the circumstances of the accident (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-505 [1993]; *Meng Sing Chang v Homewell Owner's Corp.,* 38 AD3d 625, 627 [2007]). Here, the plaintiff's cause of action pursuant to Labor Law § 241 (6) is premised on violations of 12 NYCRR 23-6.1 (d), which provides that all loads suspended on hoisting equipment "shall be securely slung and properly balanced before they are set in motion" and 12 NYCRR 23-6.3 (a), which provides that material platform or bucket hoists "shall be designed by a professional engineer licensed to practice in the State of New York."

Brend established its prima facie entitlement to judgment as a matter of law with respect to the Labor Law § 241 (6) cause of action. In opposition, the affidavit of the plaintiff's expert was speculative and conclusory and thus was insufficient to defeat a motion for summary judgment (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525 [1991]; *Sabessar v Presto Sales & Serv., Inc.*, 45 AD3d 829, 831 [2007]; *Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930 [2005]; *Rochford v City of Yonkers*, 12 AD3d 433 [2004]). Nonetheless, despite the insufficiency of the expert's affidavit, the plaintiff also testified at his deposition that he was injured when a brick fell off the pallet which was being hoisted to the roof of the building. This raises "an issue of fact whether a violation of [12 NYCRR 23-6.1 (d)] was a proximate cause of plaintiff's injury" (*see Rissel v Nornew Energy Supply*, 281 AD2d 880 [2001]; *Cruci v General Elec. Co.*, 33 AD3d 838, 839 [2006]). However, the plaintiff failed to raise a triable issue of fact with respect to the alleged violation of 12 NYCRR 23-6.3 (a) since he failed to set forth any evidence that the hoisting equipment was not designed by a professional engineer.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Ortega v Puccia*, 57 AD3d 54 [2008]; *Reinoso v Ornstein Layton Mgt., Inc.*, 19 AD3d 678, 679 [2005]). For liability to attach, the defendant must have authority to exercise supervision and control over the work at the site (*see Lombardi v Stout*, 80 NY2d 290 [1992]; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734 [2008]). Here, Braender and Rudd established their prima facie entitlement to judgment as a matter of law in connection with the Labor Law § 200 cause of action by showing that they did not have authority to exercise supervision and control over the work (*id.*; *see Capolino v Judlau Contr., Inc.*, 46 AD3d 733 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court properly granted the motion of Braender and Rudd for summary judgment on their cross claim for contractual indemnification against Brend (*cf. Bahrman v Holtsville Fire Dist.*, 270 AD2d 438, 439 [2000]). Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.