■ JAMES O'DONNELL, Appellant, v BUFFALO-DS ASSOCIATES, LLC, et al., Respondents. [889 NYS2d 335]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered August 27, 2008 in a personal injury action. The order, insofar as appealed from, granted those parts of the cross motion of defendants for summary judgment dismissing the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim insofar as it is based on an alleged violation of 12 NYCRR 23-5.1 (d) (4).

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while he was attempting to raise a scaffold using a hand-operated hoisting mechanism. Plaintiff was turning the handle of the hoisting mechanism when the crank suddenly stopped, causing dislocation of his shoulder. As limited by his brief, plaintiff contends on appeal that Supreme Court erred in granting those parts of defendants' cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim insofar as it is based on an alleged violation of 12 NYCRR 23-5.1 (d) (4). We affirm.

With respect to the Labor Law § 240 (1) claim, defendants established their entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Labor Law § 240 (1) protects "workers against the 'special hazards' that arise when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured' " (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). The special hazards contemplated by the statute "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity. Rather, [they] are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross*, 81 NY2d at 501). Here, plaintiff neither fell from a height nor was struck by an improperly hoisted or inadequately secured object (*see id.*). Defendants submitted in support of their cross motion the deposition testimony of plaintiff establishing that his shoulder injury occurred when the handle of the hoisting mechanism ceased responding to his application of force. The mere fact that the force of gravity acted upon the hoisting mechanism is insufficient to establish a valid Labor Law § 240 (1) claim inasmuch as plaintiff's injury did not result from an

elevation-related risk as contemplated by the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 269-270 [2001]; *Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911-912 [1998]; *see generally Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995], *rearg denied* 87 NY2d 969 [1996]).

With respect to the Labor Law § 241 (6) claim insofar as it is based on an alleged violation of 12 NYCRR 23-5.1 (d) (4), defendants met their initial burden on the cross motion by establishing that they did not violate that regulation, pursuant to which "[n]o scaffold shall be loaded in excess of the maximum load for which it is intended" (*see generally Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]; *Bockmier v Niagara Recycling*, 265 AD2d 897 [1999]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). There is no evidence in the record establishing what materials were located on the specific section of scaffolding at issue at the time of plaintiff's accident and thus no factual basis upon which the weight of those materials could be estimated. The opinion of plaintiff's expert that the scaffold was overloaded at the time of the accident is based upon pure speculation and thus is insufficient to raise a triable issue of fact (*see Kretowski v Braender Condominium*, 57 AD3d 950, 952 [2008]; *see generally Zuckerman*, 49 NY2d at 562). Present— Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.