■ RYAN P. ST. LOUIS, Respondent, v TOWN OF NORTH ELBA et al., Appellants. [894 NYS2d 587]—

Rose, J. Appeal from an order of the Supreme Court (Meyer, J.), entered July 6, 2009 in Essex County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured while assisting in the construction of a pipeline on property owned by defendant Town of North Elba. In the course of that work, a section of pipe was suspended a few feet above the ground in the jaws of the clamshell bucket of a front-end loader. When plaintiff hit the pipe with a hammer to remove excess welding material, the pipe dropped from the loader's bucket, struck his legs and injured him. Plaintiff commenced this action alleging, as pertinent here, a violation of Labor Law § 241 (6). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the claim, and Supreme Court denied the motion. Defendants now appeal.

To establish a claim under Labor Law § 241 (6), plaintiff must allege that defendants violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). 12 NYCRR 23-6.1 applies "to all material hoisting equipment except . . . [hoisting equipment covered under other, separate regulations, such as] excavating machines used for material hoisting." In view of that, plaintiff predicates his cause of action upon a violation of 12 NYCRR 23-9.4 which, in pertinent part, provides:

"Where power shovels and backhoes are used for material handling, such equipment and the use thereof shall be in accordance with the following provisions: . . .

"(e) Attachment of load.

"(1) Any load handled by such equipment shall be suspended from the bucket or bucket arm by means of wire rope having a safety factor of four." Although defendants contend that this regulation is inapplicable because the front-end loader holding the pipe that fell on plaintiff was neither a power shovel nor a backhoe, we have held that the applicability of this regulation turns upon the manner in which the equipment is used rather than its name or label (see Copp v City of Elmira, 31 AD3d 899, 900 [2006]; Borowicz v International Paper Co., 245 AD2d 682, 684 [1997]; Smith v Hovnanian Co., 218 AD2d 68, 71 [1995]).

Here, the front-end loader plainly was an "[e]xcavating machine" inasmuch as that term is defined by 12 NYCRR 23-1.4 (b) (18) as a "power-driven vehicle equipped to excavate, push, grade or elevate earth, rock or other material." In addition, the loader's clamshell bucket was being used as a hoist to handle and suspend the pipe, and the references in 12 NYCRR 23-9.4 to hoisting make clear that material handling includes hoisting. Inasmuch as an excavating machine was being used to hoist construction material and the material was suspended from the bucket without the aid of wire rope, Supreme Court correctly concluded that plaintiff has a cause of action under Labor Law § 241 (6).*

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

(February 25, 2010)

---

* To the extent that the Second Department's decision in Phillips v City of New York (228 AD2d 570 [1996]) reaches a contrary conclusion regarding a loader, we decline to follow it.