1414

Lahtinen, J. Appeal from an order of the Supreme Court
(Ledina, J.), entered April 1, 2009 in Sullivan County, which
partially denied defendants' motion for summary judgment
dismissing the complaint.

Plaintiff was employed as an electrician by Demco New York
Corporation, a subcontractor for defendant Konover Construc-
tion Corporation, the general contractor, at a construction site
owned by defendants Price Chopper Operating Company, Inc.
and Golub Corporation (hereinafter collectively referred to as
the owners). Demco's supervisor jerry-rigged a system to move
heavy commercial wire into place by using a forklift as a power
source to pull a rope over two pulleys and through a conduit
mounted on the walls of the electrical room of the building
under construction. The conduit included turns as it ran up to
the ceiling, across the ceiling and then down on the other side
of the room. The wires were initially pulled by two men from a
large spool on the floor up to the electrical room more than 10
feet above. A bundle of wrapped wires was then lifted or pushed
by plaintiff into the beginning of the conduit, which initially ran
four feet straight up to the ceiling. The rope pulled up on the
wires from inside the conduit as plaintiff stood under the
conduit and pushed the bundle of wires up. When the wires
reached the first turn in the conduit above plaintiff's head, the
rope broke, resulting in the bundle of wires recoiling and falling
back onto plaintiff, allegedly causing him to twist, fall and
sustain injuries. He commenced this action against defendants
alleging negligence and violations of Labor Law §§ 200, 240 (1)
and § 241 (6). When defendants moved for summary judgment,
Supreme Court partially granted the motion by dismissing the
Labor Law § 240 (1) cause of action, but denied it as to the
other causes of action. Only defendants appeal.

We turn first to defendants' contention that they should have
been granted summary judgment dismissing plaintiff's Labor
Law § 241 (6) cause of action. "[T]he proponent of a summary
judgment motion must make a prima facie showing of entitle-
ment to judgment as a matter of law, tendering sufficient evi-
dence to demonstrate the absence of any material issues of fact,"
and "[t]he evidence produced by the movant must be viewed in
the light most favorable to the nonmovant, affording the
nonmovant every favorable inference" (*Walton v Albany Com-
munity Dev. Agency*, 279 AD2d 93, 94-95 [2001] [internal quota-

tion marks and citations omitted]; *see Sainato v City of Albany*, 285 AD2d 708, 710 [2001]; *Baker v International Paper Co.*, 226 AD2d 1007, 1008 [1996]). The pertinent provisions of the Labor Law are liberally construed to ensure safety at construction sites (*see Bland v Manocherian*, 66 NY2d 452, 459 [1985]). An allegation of a violation of a specific safety regulation can give rise to a viable cause of action under Labor Law § 241 (6) (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; *Morris v Pavarini Constr.*, 9 NY3d 47, 51 [2007]; *Hotaling v Corning Inc.*, 12 AD3d 1064, 1065 [2004]).

The allegations regarding the condition of the rope—which had broken several times prior to the accident and was repaired with knots—are adequate to implicate a regulation that sets forth sufficient specificity to give rise to a viable Labor Law § 241 (6) cause of action (*see* 12 NYCRR 23-6.2 [a] [1], [2]; *see generally Morris v Pavarini Constr.*, 9 NY3d at 50).* Plaintiff asserted in his bill of particulars that the rope snapped under "the heavy weight and tension" and the bundled wires struck him with "great weight and force." While friction undoubtedly played a role in the rope's failure, the record reveals allegations that the danger to which plaintiff was exposed (i.e., falling wires) also had a gravity-related component. Defendants did not produce proof challenging plaintiff's characterization of the weight of the bundle of wires. Nor did they submit sufficient evidence— expert or otherwise—to establish as a matter of law that gravity was not a substantial contributing cause of the wires falling four feet and striking plaintiff.

The location of the wires directly above plaintiff, together with the configuration of the pulley system and the initial vertical pull of four feet, constituted adequate assertions that the wires were being hoisted when the accident occurred (*see Hayden v 845 UN Ltd. Partnership*, 304 AD2d 499, 500 [2003]). Since the forklift was being used as a substitute power source for hoisting and pulling materials with a rope (and not for its

---

* In *Narrow v Crane-Hogan Structural Sys.* (202 AD2d 841, 842 [1994]), the plaintiffs failed to allege any regulations in their complaint or bill of particulars and, in response to the defendants' summary judgment motion, they asserted a broad allegation to all of 12 NYCRR subpart 23-6. Since that subpart contains within its sections many provisions, some setting forth general safety standards (*see e.g. Schwab v A.J. Martini, Inc.*, 288 AD2d 654, 656 [2001], *lv denied* 97 NY2d 609 [2002]) and others containing concrete specifications (*see e.g. Rissel v Nornew Energy Supply*, 281 AD2d 880, 881 [2001]), merely citing to the entire subpart was insufficient to defeat summary judgment. However, setting forth specific provisions from that subpart—if concrete and relevant—can, as here, defeat summary dismissal (*see e.g. Cruci v General Elec. Co.*, 33 AD3d 838, 839 [2006]; *Hayden v 845 UN Ltd. Partnership*, 304 AD2d 499, 500 [2003]).

intended use at a job site), the general exception for forklifts (*see* 12 NYCRR 23-6.1 [a])—which are governed by other regulations (*see* 12 NYCRR 23-9.8)—does not, as urged by defendants, lead to the conclusion that the hoisting regulations are totally inapplicable (*cf. St. Louis v Town of N. Elba*, 70 AD3d 1250, 1251 [2010]). Defendants failed to establish that they were entitled to summary judgment on the Labor Law § 241 (6) cause of action and, thus, we agree with Supreme Court's decision not to dismiss that cause of action (*see Picchione v Sweet Constr. Corp.*, 60 AD3d 510, 512 [2009]; *Giordano v Forest City Ratner Cos.*, 43 AD3d 1106, 1108 [2007]).

Next, we consider defendants' argument that plaintiff's Labor Law § 200 and common-law negligence causes of action should have been dismissed. In order to prevail on these claims, plaintiff "must establish that the owner or contractor both exercised supervisory control over the operation and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Lyon v Kuhn*, 279 AD2d 760, 761 [2001]; *see Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 927 [2004]). Here, Konover's project superintendent testified that he had been on site on the day of plaintiff's accident and he had the authority to stop the work if, in his opinion, it was not being performed in a safe manner. There also is evidence that Konover provided the forklift and pulleys being used by Demco, and that Konover's project superintendent directed Demco's workers to replace a barricade and reposition the pulleys during the operation. This evidence creates a question of fact as to whether Konover exercised the requisite supervisory control over plaintiff's work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 874 [2004]). As for the owners, however, there is no evidence that they exercised any supervision or control over the work activity that brought about plaintiff's injury and, accordingly, the common-law negligence and Labor Law § 200 claims against them must be dismissed (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]; *Fassett v Wegmans Food Mkts., Inc.*, 66 AD3d 1274, 1276 [2009]).

The remaining arguments have been considered and found to be unavailing.

Mercure, J.P., and Spain, J., concur.

Rose, J. (concurring in part and dissenting in part). We respectfully dissent from the view that regulations meant to protect workers from the hazards of material hoisting operations should be applied to the process of installing electrical

wires by fishing or pulling them through conduit. There is no evidence that the forklift, rope and pulleys employed here were actually lifting or suspending the wires that recoiled and caused plaintiff's fall.

Supreme Court correctly summarized the record regarding this issue in its discussion of the Labor Law § 240 (1) cause of action as follows: "Even though the forklift was on the lower floor, it was being used only to apply the force needed to pull the wires through a 90 degree angle of pipe located on the mezzanine, not raise the wires from one level to another." This finding is plainly inconsistent with the usual definition of material hoisting as the lifting or suspension of a load (*see generally Hayden v 845 UN Ltd. Partnership*, 304 AD2d 499, 500 [2003]; *Mattison v Wilmot*, 228 AD2d 991, 993 [1996], *lv denied* 89 NY2d 917 [1996]). In addition, plaintiff's own description of what he and his crew were doing demonstrates that they were not hoisting a load of materials.

Plaintiff's deposition, which is the only evidence of how the accident occurred, establishes quite clearly that the forklift tightened up the rope and applied force to the wires only after plaintiff had pushed them up to the first 90 degree turn. The force applied to the wires at the turn then built up so much tension that, when the rope broke, the wire came flying back "because it was like a spring." In addition, the mere allegation in a bill of particulars verified only by counsel that the rope snapped under "the heavy weight and tension" and that the bundled wires struck him with "great weight and force" is insufficient to raise a question of fact as to whether the weight of the wire or the force of gravity caused plaintiff's injuries (*see Gibbons v Hantman*, 58 AD2d 108, 110 [1977], *affd* 43 NY2d 941 [1978]). Rather, the record shows that the rope broke due to the resistence of the first 90 degree turn.

Overcoming resistence caused by the wires rubbing against the conduit's inside surface is the very purpose of a motorized cable tugger, which plaintiff described as the normal and only safe way to perform this kind of work. Plaintiff explained that a day or two earlier, he and his crew had been able to pull the main feed wires to an outside transformer by pushing the wires through a conduit from upstairs in the building down to a 90 degree turn at ground level where they were pulled through the turn by a forklift at ground level. However, for the more difficult inside task of pulling the sub-feed wires through three 90 degree turns, plaintiff testified that a tugger was needed because "every time that wire hits one of them 90s, it like double or triples the resistence because you have to take it around the

90s." To now hold, as the majority does, that pulling on the wires at the top of a short vertical section of conduit makes this a hoisting operation would place us in the tenuous position of applying the regulation only when the wire being pulled encounters resistance while moving upward as opposed to moving horizontally or downward, situations where the forces applied and dangers created are identical in all meaningful respects. Moreover, there is no allegation or evidence that a crane, hoist or other device normally used to lift or hold materials at an elevated height should have been used here.

Accordingly, we cannot agree that the equipment employed here constituted "material hoisting equipment" covered by 12 NYCRR subpart 23-6 (*see Flihan v Cornell Univ.*, 280 AD2d 994, 994 [2001]; *Smith v Homart Dev. Co.*, 237 AD2d 77, 80 [1997]; *Wood v State of New York*, 2 Misc 3d 931, 934 [2003]). For that reason, none of the regulations contained in that subpart is applicable and the Labor Law § 241 (6) cause of action should have been dismissed.

Stein, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against defendants Price Chopper Operating Company, Inc. and Golub Corporation; motion granted to that extent and said causes of action dismissed against said defendants; and, as so modified, affirmed.