■ ANDRZEJ GABRUS, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [963 NYS2d 161]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated April 18, 2012, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted.

The plaintiff, a worker employed by the nonparty Whitestone Contruction Corp., was working on the renovation of a six-story building owned by the defendant New York City Housing Authority. The defendant Bovis Lend Lease, LMB, Inc., was the general contractor on the project. On the morning of the accident, the drag line for a load of roofing material which was being lifted to the top of the building by means of a hoist became stuck as a load of material was nearing the top of the building. When the plaintiff went to free the drag line, the load of material broke apart and fell on him, causing personal injuries.

In moving for summary judgment on his Labor Law § 240 (1) cause of action, the plaintiff was required to show that the statute was violated and that the violation was a proximate cause of his injuries (see *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Henry v Eleventh Ave., L.P.*, 87 AD3d 523 [2011]; *Kretowski v Braender Condominium*, 57 AD3d 950, 951 [2008]). In order to recover damages for violation of the statute, "[a] plaintiff must show that, at the time the object fell, it was 'being hoisted or secured' " (*Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 678 [2012], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; see *Kretowski v Braender Condominium*, 57 AD3d at 950-951; *Mendoza v Bayridge Parkway Assoc., LLC*, 38 AD3d 505 [2007]; *Cruci v General Elec. Co.*, 33 AD3d 838, 839 [2006]) or " 'required securing for the purposes of the undertaking' " (*Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d at 678, quoting *Outar v City of New York*, 5 NY3d 731, 732 [2005]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law under Labor Law § 240 (1) by demonstrating that the load of material

hoisted to the top of the six-story building was inadequately secured, and that the load fell on him, causing his injuries.

In opposition, the defendants did not raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Rivera v 800 Alabama Ave., LLC*, 70 AD3d 798, 799 [2010]; *Triola v City of New York*, 62 AD3d 984, 986 [2009]; *Chlebowski v Esber*, 58 AD3d 662, 663 [2009]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008]). In light of the statutory violation, even if the plaintiff were negligent in some respect, his comparative negligence would not bar liability under Labor Law § 240 (1) (*see Dedndreaj v ABC Carpet & Home*, 93 AD3d 487, 488 [2012]; *Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 474-475 [2012]; *Karcz v Klewin Bldg. Co., Inc.*, 85 AD3d 1649, 1651 [2011]; *Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865, 866 [2008]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d at 619; *Moniuszko v Chatham Green, Inc.*, 24 AD3d 638, 639 [2005]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.